**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **PEARL IP LICENSING LLC,**<br><br>         Plaintiff,<br><br>v.<br><br>**HMD AMERICA, INC.,**<br><br>         Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Plaintiff Pearl IP Licensing LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, and in support states, all upon information and belief:

**PARTIES**

1.      Plaintiff Pearl IP Licensing LLC ("Pearl IP" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St, Ste 500, Austin, TX 78701 and an office address at 2108 Dallas Pkwy, Ste 214 - 1042, Plano, TX 750 93-4362.

2.      Defendant HMD America, Inc. ("HMD" or "Defendant") is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 1200 Brickell Avenue, Miami, Florida 33178.  HMD is registered to do business, and has a registered office, in this State at Incorp Services, Inc., 17888 67th Court North, Loxahatchee, Florida 33470.

**JURISDICTION AND VENUE**

3.      Defendant conducts business operations within the Southern District of Florida. Defendant has directly and/or through subsidiaries or intermediaries committed and continues to

commit acts of infringement in this District by, among other things, offering to sell and selling products that infringe the patent-in-suit.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d). Defendant is registered to do business in the State of Florida, has an office in the State of Florida, has transacted business in the Southern District of Florida and has committed acts of direct infringement in the Southern District of Florida.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b). Defendant maintains a regular and established place of business in this District.

## PATENT 6,819,539

6. U.S. Patent No. 6,819,539, entitled "Method For Circuit Recovery From Overstress Conditions" (the "539 Patent") was duly and legally issued on November 16, 2004. A true and correct copy of the '539 Patent is attached as Exhibit A.

7. The '539 Patent disclosed and exemplified a unique and valuable apparatus for circuit recovery from overstress conditions, comprising circuits for detecting an event and resetting a device when the event is a first predetermined type and circuits for providing recovery when the event is a second predetermined type. (See '539 Patent Abstract).

8. Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '539 Patent.

## COUNT I – INFRINGEMENT OF THE '539 PATENT

9. Plaintiff restates and incorporates by reference the foregoing allegations.

10. In violation of 35 U.S.C. §271, Defendant directly infringed at least claim 8 of the '539 Patent by selling apparatus within the scope of claim 8 of the '539 Patent ("Accused Instrumentality").

11. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing the correspondence between one exemplary version of an Accused Instrumentality and claim 8 of the '539 Patent.

12. Defendant has had knowledge of infringement of the '539 Patent at least as of the service of the present Complaint.

13. As a result of Defendant's infringement of the '539 Patent, Plaintiff has suffered damages.

14. Plaintiff is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

16. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Pearl IP respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant has infringed the '539 Patent;

  B. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '539 Patent through its expiration, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

  C. any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: December 23, 2020    Respectfully submitted,

            SAND, SEBOLT & WERNOW CO., LPA

            */s/ Howard L. Wernow*
            Howard L. Wernow B.C.S.
            Florida Bar No. 107560
            Aegis Tower – Suite 1100
            4940 Munson Street NW
            Canton, OH 44718
            Phone: 330-244-1174
            Fax: 330-244-1173
            Email: howard.wernow@sswip.com

            *Board Certified in Intellectual Property*
            *Law By the Florida Bar*

            ATTORNEY FOR PLAINTIFF