**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:20-cv-25220-BLOOM/Otazo-Reyes**

PEARL IP LICENSING LLC,

                Plaintiff,

v.

HMD AMERICA, INC.,

                Defendant.

_____/

**DEFENDANT HMD AMERICA, INC.'S ANSWER TO COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, HMD AMERICA, INC ("HMD" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, PEARL IP LICENSING LLC ("Pearl" or "Plaintiff") and Counterclaims, and states as follows:

**PARTIES**

1.     HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding Plaintiff and, on that basis, denies them.

2.     HMD admits that it is a corporation organized and existing under the laws of Florida, with its principal place of business at 1200 Brickell Ave., Suite 510, Miami, Florida 33131. Otherwise, denied.

**JURISDICTION AND VENUE**

3.     HMD admits that it provides products and services throughout the United States, including in this judicial district. HMD denies that it has infringed the Asserted Patent directly or through subsidiaries or intermediaries. Except as expressly admitted, HMD denies the remaining

allegations, if any, contained in paragraph 3.

4.      To the extent the allegations of paragraph 4 call for a legal conclusion, no response is required. To the extent a response is required, for purposes of this action and Answer only, HMD does not contest Plaintiff's assertion of venue in the Southern District of Florida. HMD denies that it has committed acts of direct infringement. Except as expressly admitted, HMD denies the remaining allegations, if any, contained in paragraph 4.

5.      To the extent the allegations of paragraph 5 call for a legal conclusion, no response is required. For purposes of this action and Answer only, HMD does not contest Plaintiff's assertion of venue in the Southern District of Florida. Except as expressly admitted, HMD denies the remaining allegations, if any, contained in paragraph 5.

## PATENT 6,819,539

6.      HMD admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 6,819,539 ("the '539 patent"). HMD admits that, on its face, the '539 Patent is entitled "Method For Circuit Recovery From Overstress Conditions" and identifies its date of issuance by the United States Patent and Trademark Office ("USPTO") as November 16, 2004. HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

7.      HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

8.      HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

## COUNT 1 – INFRINGEMENT OF THE '539 PATENT

9.      HMD incorporates by reference its responses above as if fully set forth herein.

10.     Denied.

11.     HMD admits that Exhibit B purports to be a claim chart, but denies the remaining allegations of paragraph 11.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Paragraph 15 of the Complaint does not contain any allegations that require a response. To the extent a response is required, HMD denies the allegations of paragraph 15.

## JURY DEMAND

16.     No response is required to Plaintiff's demand for a trial by jury, but pursuant to Fed. R. Civ. P. 38(b), HMD hereby demands a trial by jury on all issues raised by the Complaint which are properly triable to a jury, including without limitation HMD's defenses.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Having responded to the allegations in the Complaint as set forth above, HMD denies that Plaintiff is entitled to any relief, including the relief specified in its Prayer for Relief.

## GENERAL DENIAL

Unless specifically admitted, HMD denies each and every allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, HMD alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition

3

to the defenses described below, HMD specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1.      The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – NONINFRINGEMENT

2.      HMD does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of the '539 Patent.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

3.      Each asserted claim of the '539 Patent is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and those associated with the judicially-created prohibition against obviousness-type double patenting.

### FOURTH AFFIRMATIVE DEFENSE – ESTOPPEL AND EQUITABLE RELIEF

4.      Because of statements and/or representations made to and by the USPTO while prosecuting the patent identified in the complaint, Plaintiff's claims for relief are barred by one or more of the doctrines of judicial estoppel, agency estoppel, prosecution history estoppel, waiver, acquiescence, patent misuse, implied license, and/or unclean hands. HMD will identify such statements under the contention schedule set forth in this District.

### FIFTH AFFIRMATIVE DEFENSE – LIMITATION ON PATENT DAMAGES

5.      Plaintiff's claims for damages against HMD are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## SIXTH AFFIRMATIVE DEFENSE — NO EQUITABLE RELIEF

6.      Plaintiff's remedies, if any, are limited to remedies at law which are adequate because any alleged injuries are not immediate nor irreparable such as would be required to support an injunction or other equitable relief.

## SEVENTH AFFIRMATIVE DEFENSE – GOOD FAITH, NO EXCEPTIONAL CASE

7.      HMD has engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering any attorneys' fees under 35 U.S.C. § 285, even if Plaintiff prevails on the merits.

## EIGHTH AFFIRMATIVE DEFENSE – LACK OF EXCLUSIONARY RIGHT

8.      To the extent Plaintiff lacks an exclusionary right over at least some of the activities accused of infringement, Plaintiff lacks standing to bring its claims.

## NINTH AFFIRMATIVE DEFENSE – LACK OF ALL SUBSTANTIAL RIGHTS

9.      To the extent Plaintiff lacks all substantial rights in the '539 Patent, Plaintiff lacks standing to bring its claims.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

In further response to the Complaint, and as counterclaims made without admitting the burden of proof on all such issues, HMD alleges the following counterclaims against Pearl IP Licensing LLC ("Pearl").

## NATURE OF THE ACTION

1.      HMD incorporates herein the admissions, allegations, and denials above.

2.      These Counterclaims arise from Pearl's allegations of infringement against HMD.

3.     According to the allegations set forth in the complaint, Pearl claims to be the owner of all rights, title, and interest to the '539 patent, including the right to sue and recover for infringement.

4.     Pearl has accused HMD of infringing one or more claims of the '539 patent. HMD denies that it has infringed any valid and enforceable claim of the '539 patent.

5.     An actual case and controversy exists between the parties concerning the infringement of one or more claims of the '539 patent, and that controversy is ripe for adjudication by this Court.

## PARTIES

6.     Counterclaimant HMD is a Florida corporation with its principal place of business at 1200 Brickell Ave., Suite. 510, Miami, FL 33131.

7.     On information and belief, according to the allegations in paragraph 1 of the complaint, Counterclaim-Defendant Pearl is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St, Ste 500, Austin, TX 78701 and an office address at 2108 Dallas Pkwy, Ste 214 - 1042, Plano, TX 75093-4362.

## JURSIDICTION AND VENUE

8.     These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the '539 patent. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court also has personal jurisdiction over Pearl because Pearl has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

9.     Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367, 1391, and 1400 because Plaintiff has consented to venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

## FIRST COUNT – NONINFRINGEMENT OF THE '539 PATENT

10.     HMD repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

11.     A valid and justiciable controversy has arisen and exists between HMD and Pearl as to whether HMD is infringing the '539 patent.

12.     HMD has not infringed and is not infringing any valid claim of the '539 patent under 35 U.S.C. § 271, whether literally or under the doctrine of equivalents, either directly or indirectly.

13.     To resolve the legal and factual questions raised by Pearl and to afford relief from the uncertainty and controversy that HMD's accusations have precipitated, HMD is entitled to declaratory judgment that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '539 patent.

## SECOND COUNT – INVALIDITY OF THE '539 PATENT

14.     HMD repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

15.     A valid and justiciable controversy has arisen and exists between HMD and Pearl as to whether the claims of the '539 patent are valid.

16.     One or more claims of the '539 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.     To resolve the legal and factual questions raised by Pearl and to afford relief from the uncertainty and controversy that Pearl's accusations have precipitated, HMD is entitled to declaratory judgment that the claims of the '539 patent are invalid.

7

## **RESERVATION OF RIGHTS**

18.      HMD hereby reserves the right to amend its Answer and reserves all defenses set out in

Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any

other defenses, at law or in equity, that become relevant during the course of litigation.

### **HMD'S PRAYER FOR RELIEF**

WHEREFORE, HMD respectfully requests that the Court enter an Order and Judgment

against Plaintiff as follows:

A.      A dismissal with prejudice of Plaintiff's action against HMD;

B.      A denial of any and all relief sought by Plaintiff;

C.      A declaration that HMD does not infringe and has not infringed, either literally or

under the doctrine of equivalents, by direct, contributory or induced infringement,

each and every valid and enforceable claim of U.S. Patent No. 6,819,539;

D.      A declaration that the claims U.S. Patent No. 6,819,539 are invalid and/or

unenforceable;

E.      A judgment limiting or barring Plaintiff's ability to enforce in equity U.S. Patent

No. 6,819,539;

F.      An award to HMD of its attorneys' fees and costs incurred in connection with this

action;

G.      An injunction barring Plaintiff, its agents, attorneys, affiliates, and all persons

acting on behalf or in concert with Plaintiff from alleging that HMD infringes any

claim of U.S. Patent No. 6,819,539; and

H.      Such other and further relief as the Court deems just and proper.

8

Dated:  April 23, 2021

Respectfully submitted,

*/s/ Joseph W. Bain*
JOSEPH W. BAIN, Esq.
Florida Bar No. 860360
Email Address:  jbain@shutts.com
Secondary Email:  hmdteam@shutts.com
ALEXANDER W. SCHNEIDER, Esq.
Florida Bar No. 121671
Email Address:  aschneider@shutts.com
**SHUTTS & BOWEN LLP**
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

JODI-ANN TILLMAN, Esq.
Florida Bar No. 1022214
Email Address: jtillman@shutts.com
**SHUTTS & BOWEN LLP**
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, Florida 33301
Telephone:    954-524-5505
Facsimile:    954-524-5506

***ATTORNEYS FOR DEFENDANT***
**HMD AMERICA, INC.**

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of April, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which served a copy on the following:

Howard L. Wernow, Esq.
SAND, SEBOLT & WERNOW CO., LPA
Florida Bar No. 107560
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com
**Attorney for *Plaintiff, PEARL IP LICENSING LLC***

By:      */s/ Joseph W. Bain*
Joseph W. Bain
Florida Bar No. 860360
jbain@shutts.com

WPBDOCS 10740293 2

10